MR. JUSTICE SHEA,
dissenting.
I concur with the dissent of Justice Haswell and I further dissent because the district court used his own personal standards in assessing plaintiff’s conduct and also because the district court erred in ruling the plaintiff was guilty of contributory negligence.
The district court’s summary judgment order stated:
“One of the instructions this court always gives to the trial jury is that ‘in considering the evidence you have a right to do so based *390 upon your common general knowledge formed by ordinary experiences and observations in your daily affairs of life.’ In this action the defendants have moved for a summary judgment based upon the facts presented by the pleadings and as further explained by depositions and other papers in the court file.
“In determining whether or not there is a genuine issue of fact for the jury this judge deems himself bound by the same rules as would apply to the jury. This judge has been the owner of a Rockwell Table Saw for over 40 years. That saw has been used often and it has been used to cut many short pieces of both one-inch and two-inch lumber to be used as ‘joist bracing.’ This judge has often moved that saw and has always felt it necessary to test the stability of the saw before use and often has found it necessary to shim one leg as was done by the plaintiff’s employee when the saw here in question was used.
“The court holds as a matter of law that the plaintiff was contributorily negligent in failing to take the most elementary precautions before attempting to use the saw. The court also holds that as a matter of law the injury could not have happened because of the V* inch shorter leg unless the plaintiff was himself negligent in the feeding of the material into the saw blade.
“The motion for summary judgment is granted.”
It is clear the trial court relied on his own personal experiences in determining the standard to which the plaintiff in this case must be held. While it is laudable that the district court takes the precautions he does when he operates a table saw, nevertheless, this is not the standard he must use when determining a motion for summary judgment.
The basis of the ruling was that the plaintiff was guilty of contributory negligence. However contributory negligence is not a defense in a case involving strict liability. Prosser on Torts, 4th Ed., pp. 522-525; 2 Restatement of Torts 2d, § 402A, p. 356. The Restatement provides:
“Since the liability with which this Section deals is not based upon negligence of the seller, but is strict liability, the rule ap *391 plied to strict liability cases applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of the existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.”
In this case plaintiff in his deposition testified that he had seen the saw standing two times before he was injured, and at neither time was he aware of its instability. It is clear that at least on the basis of the plaintiff’s testimony, and there was no other proof, that he was not even aware of a defect in the saw at the time he was injured. Under these circumstances the defense of assumption of risk would not even be available. Moreover, even if it were, this defense should not be subject to summary adjudication, but rather, is a question for the jury. Williams v. Brown Manufacturing Company, 45 Ill.2d 418, 261 N.E.2d 305, 46 A.L.R.3d 226 (1970).
I would reverse the summary judgment order and order the case be tried to a jury on its merits.